UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HIGHLAND TRANSPORT,

       Plaintiff,

 v.            7:07-CV-1109

HULL CONTRACTING, INC. et al.,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

  Plaintiff commenced the instant action to recover damages to its tractor trailer arising out of a motor vehicle accident. Presently before the Court is Plaintiff's motion for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

  Plaintiff commenced this action in October 2007. The record evidences that Defendants were properly served copies of the summons and Complaint. To date, Defendants have failed to timely file an Answer or otherwise appear in this matter. The Clerk entered default on February 14, 2008. Accordingly, the motion for a default judgment is properly before the Court.

  Defendants' failure to appear constitutes an admission of all well-pleaded allegations in the Complaint. H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages. . . . Damages, which

are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

Based on the default, Defendants admit that, at all time relevant hereto: (1) Defendant Walker was acting as an employee of Defendant Hull Contracting; (2) Walker was operating a motor vehicle (a dump truck) owned by Hull; (3) Plaintiff, through its driver, was operating its tractor-trailer in a lawful and prudent manner on Route 37 in the Town of Theresa, New York; (4) Walker brought his vehicle to a stop while still in the roadway on Route 37; and (5) as a result, Plaintiff's vehicle was caused to impact Defendant's vehicle, precipitating Plaintiff's vehicle to be pushed over an embankment and roll over. Based on the foregoing admissions, the Court finds that Plaintiff has established, as a matter of law, that Defendant's negligence caused damage to Plaintiff's property. That leaves the issue of damages.

Plaintiff has submitted nothing substantiating its claimed damages of $95,431.51. Because the claimed damages are neither susceptible of mathematical computation nor liquidated as of the default, any damages must be established by Plaintiff in an evidentiary proceeding in which Defendants have the opportunity to contest the amount. Accordingly, on or before July 11, 2008, Plaintiff shall file with the Court, and serve on Defendants, affidavits and/or other evidence, admissible in form, substantiating its claim for damages. In its submission, Plaintiff shall also indicate whether it is requesting an evidentiary hearing.

Defendants shall then have until August 1, 2008 to file with the Court, and serve on Plaintiff, affidavits and/or other evidence, admissible in form, contesting or otherwise

addressing Plaintiff's claim for damages.  In its submission, Defendants shall also indicate whether they are requesting an evidentiary hearing.

For the foregoing reasons, Plaintiff's motion for default is GRANTED ON THE ISSUE OF LIABILITY.  The Court will reserve decision on the issue of damages until the parties have had an opportunity to be heard on that issue.

IT IS SO ORDERED.

Dated:    June 19, 2008

_____
Thomas J. McAvoy
Senior, U.S. District Judge